Steven Rosenzweig, D.C., as Assignee of Roberto Menjivar, Respondent, 
against
Mercury Casualty Company, Appellant.



Appeal from an order of the Civil Court of the City of New York, Queens County




(Richard G. Latin, J.), entered May 16, 2013. The order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint or, in the alternative for an order compelling plaintiff to appear for an examination before trial.
ORDERED that the order, insofar as appealed from, is reversed, with $30 costs, and the branch of defendant's motion seeking summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, defendant moved for summary judgment dismissing the complaint or, in the alternative, for an order compelling plaintiff to appear for an examination before trial. The Civil Court denied defendant's motion for summary judgment, but, in effect, limited the issues for trial pursuant to CPLR 3212 (g), stating that, at trial, if plaintiff establishes its prima facie case, the only "remaining issue shall be medical necessity." Defendant appeals from so much of the order as denied its motion for summary judgment or, in the alternative, for an order compelling plaintiff to appear for an examination before trial.
In support of its motion, defendant submitted a sworn peer review report which set forth a factual basis and medical rationale for the reviewer's determination that there was a lack of medical necessity for the services at issue. In opposition to defendant's motion, plaintiff submitted an affidavit which failed to meaningfully refer to, let alone sufficiently rebut, the conclusions set forth in the peer review report (see Pan Chiropractic, P.C. v Mercury Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51495[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]). In view of the foregoing, and as plaintiff has not challenged the Civil Court's finding, in effect, that defendant is otherwise entitled to judgment, the order, insofar as appealed from, is reversed, and the branch of defendant's motion seeking summary judgment dismissing the complaint is granted (see Delta Diagnostic Radiology, P.C. v Integon Natl. Ins. Co., 24 Misc 3d 136[A], 2009 NY Slip Op 51502[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]; Delta Diagnostic Radiology, P.C. v American Tr. Ins. Co., 18 Misc 3d 128[A], 2007 NY Slip Op 52455[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; A. Khodadadi Radiology, P.C. v NY Cent. Mut. Fire Ins. Co., 16 Misc 3d 131[A], 2007 NY Slip Op 51342[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]).
Pesce, P.J., Aliotta and Elliot, JJ., concur.
Decision Date: March 15, 2016